598 So.2d 619 (1992)
Wanda JONES, Plaintiff-Appellee,
v.
RAPIDES GENERAL HOSPITAL, Defendant-Appellant.
No. 90-1102.
Court of Appeal of Louisiana, Third Circuit.
April 16, 1992.
*620 Gold, Weems, Eugene Sues, Alexandria, for defendant-appellant.
Ross Cicardo, Alexandria, for plaintiff-appellee.
Before DOMENGEAUX, C.J., and LABORDE and PATIN[*], JJ.
DOMENGEAUX, Chief Judge.
Wanda Jones filed this medical malpractice suit against Rapides General Hospital, contending she contracted a gas producing bacterial infection as the result of a negligently performed venipuncture of her left arm. The jury awarded Ms. Jones $35,500, and the defendant appeals. We affirm, as amended below.
*621 On August 25, 1986, Ms. Jones went to the emergency room of Rapides General Hospital with complaints of headaches and severe abdominal pain. Following orders from Dr. Fred Reid, the emergency room physician, a medical technician employed by the hospital performed a venipuncture to obtain blood for certain tests that were ordered. Dr. Reid treated Ms. Jones for a pelvic inflammatory disease and released her that day.
The next morning, Ms. Jones returned to the emergency room complaining of pain and swelling in her left forearm. She was again examined by Dr. Reid, who made a preliminary diagnosis of gas gangrene. Dr. Reid referred Ms. Jones to Huey P. Long Memorial Hospital for surgical treatment of this condition.
Physicians at Long Memorial agreed that Ms. Jones preoperatively exhibited symptoms of a gas gangrene infection: her arm was swollen, with crepitus detected in tissues under the skin, and x-rays revealed the presence of subcutaneous gas. During an operation to remove the pressure created by the gas, the Long Memorial surgical team did not observe other symptoms associated with gas gangrene infections, such as necrosis, or the death of tissue. After surgery, pathologists were unable to culture clostridium, the organism which produces the gangrene infection, or any other bacteria. The final diagnosis was facitis, with a gas producing bacteria of an unknown etiology. The operation left Ms. Jones with disfiguring scars on her left arm.
At trial, Ms. Jones testified that the technician who performed the venipuncture had trouble locating the vein in her left arm. She stated that the technician stuck her left arm twice with the same needle before completing the phlebotomy. Ms. Jones sought to prove that the needle became contaminated after the first stick and that the second stick injected the gas producing organism deep into her arm.
Elaine Parrish, the technician who performed the venipuncture on Ms. Jones, acknowledged that the needle would have been considered contaminated once it came into contact with the patient's skin. However, she insisted that she only stuck Ms. Jones one time and in her right arm, not her left. Cheryl Conella, a student technician also present when the blood was withdrawn, corroborated Ms. Parrish's testimony.
Dr. George McCormick, a clinical pathologist, testified as an expert on behalf of Ms. Jones. He agreed with Ms. Parrish that using the same needle twice, even on the same patient, would be a breach of the standard of care owed to Ms. Jones. He concluded that Ms. Parrish was negligent in attempting multiple venipunctures with the same needle and that this negligence, more probably than not, was the cause of the bacterial infection suffered by the plaintiff.
Rapides General attempted to show that a possible cause of the plaintiff's infection was the plaintiff's use of IV drugs. Dr. Reid testified that when he examined Ms. Jones' left arm at her second emergency room visit, he observed multiple needle marks that were too numerous to count. However, Dr. Dan McBride of the Long Memorial staff testified that he observed only two or three needle marks and that those marks were not consistent with those associated with IV drug use. Dr. Kristine Koontz, also on the Long Memorial staff, did not recall seeing any needle marks on Ms. Jones' left arm.
Rapides General also presented expert testimony in support of its position that Ms. Parrish did not breach the standard of care owed to Ms. Jones, and alternatively, that any conduct on the part of Ms. Parrish did not cause Ms. Jones' infection. Dr. Travis Harrison, a member of the medical review panel which found no breach of care, testified that he and other doctors have often used two sticks of the same needle in phlebotomies. Dr. Reid testified that even if a patient were stuck twice with the same needle, this would not produce a gas gangrene infection.
The plaintiff in a medical malpractice suit against a hospital has a burden of showing that the hospital personnel negligently departed from the recognized standard *622 of care afforded by hospitals in the area for the particular malady involved. Matranga v. Sara Mayo Hospital, 463 So.2d 632 (La.App. 4th Cir.1984), writ denied, 467 So.2d 540 (La.1985). Whether a hospital has breached the standard of care owed to a patient depends on the facts and circumstances of the particular case. Hunt v. Bogalusa Community Medical Center, 303 So.2d 745 (La.1974). The burden of proving both the existence of injuries and a causal connection between them and the accident rests with the plaintiff, and such proof must be shown to a legal certainty and by a legal preponderance of the evidence. Wells v. Allstate Insurance Co., 510 So.2d 763 (La.App. 1st Cir.1987), writ denied, 514 So.2d 463 (La.1987).
The jury was presented with conflicting evidence on the events preceding the plaintiff's infection. Evidently, the jury accepted the plaintiff's testimony that Ms. Parrish attempted multiple venipunctures on the plaintiff's left arm with the same needle. We find no basis to overturn this factual conclusion. Where there is conflicting testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. Esco, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Upon review of the record, we further find the plaintiff met her burden of proving a breach of the standard of care and causation. Both Dr. McCormick and Ms. Parrish testified that once a needle came into contact with a patient's skin, it was considered contaminated. Ms. Parrish testified that if an initial attempt to draw blood was unsuccessful, then an entirely new phlebotomy should be attempted. All medical experts agreed that it is impossible to completely sterilize the human skin. Although alcohol acts as a cleansing agent on the skin's surface, infection producing bacteria can remain in the skin's subcutaneous layers. Dr. McCormick stated that the only way Ms. Jones could have contracted the extensive infection found deep in her arm was for bacteria to be carried directly into the arm such as by a needle. Given the physical evidence of multiple venipuncture attempts on the plaintiff's arm, Dr. McCormick concluded that more probably than not multiple venipunctures were the cause of the infection. Based upon the above, we find no error in the jury's finding of liability.
Rapides General also argues the trial court erred in preventing it from cross-examining Dr. McCormick about medical literature on the types of infections commonly found in drug abuse cases. The trial court sustained the plaintiff's objection, ruling that this line of questioning was "too inflammatory without any other evidence." At the time of the ruling, the plaintiff had testified that she did not abuse drugs, and Dr. McBride had testified that the needle marks he observed on the plaintiff's arm were not consistent with those found on IV drug users. We agree with the trial court that the information sought to be elicited on cross-examination was highly prejudicial and that the evidence in the record did not support its introduction. We find no error in the trial court's ruling.
In its final assignment of error, Rapides General contends the jury erred in awarding $2,500 in past medical expenses when the plaintiff presented no evidence as to the amount of any expenses incurred. Although the plaintiff underwent surgical treatment at Huey P. Long Memorial Hospital, she did not introduce any medical bills; nor is there any evidence suggesting that the plaintiff is financially responsible for any medical expenses. We therefore find merit in this assignment of error and will reduce the award to the plaintiff by the appropriate amount.
For the above and foregoing reasons, the judgment of the trial court is affirmed, but is amended to delete the $2,500 awarded for past medical expenses. Costs of this appeal are assessed three-fourths to appellant, Rapides General Hospital, and one-fourth to appellee, Wanda Jones.
AFFIRMED AS AMENDED.
NOTES
[*] Honorable John A. Patin, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.