749 So.2d 36 (1999)
Ella Dean, Wife/of and James DEAN
v.
OCHSNER MEDICAL FOUNDATION HOSPITAL AND CLINIC, et al.
No. 99-CA-466.
Court of Appeal of Louisiana, Fifth Circuit.
November 10, 1999.
*37 Joseph F. Lahatte, Jr., Cecelia F. Abadie, New Orleans, for Plaintiffs/Appellants.
Charles F. Gay, Jr., Cristina R. Wheat, Adams and Reese, New Orleans, for Defendants/Appellees.
Panel composed of Judges SOL GOTHARD, THOMAS F. DALEY and MARION F. EDWARDS.
GOTHARD, J.
Plaintiffs, Ella Dean, wife of/and James Dean, appeal from a decision of the trial court granting summary judgment in favor of defendant, Ochsner Medical Foundation Hospital and Clinic, dismissing plaintiffs' suit for medical malpractice. For the following reasons, we affirm the decision of the trial court.
In 1982, Mrs. Dean underwent a left breast mastectomy and reconstruction, at which time a silicone breast prosthesis was implanted.
On August 7, 1991, Mrs. Dean had a mammogram taken at Ochsner Clinic Radiology Department. Plaintiff alleges that the procedure was painful and that she voiced complaints at the time of the mammogram. The results of the mammogram reflected a possible rupture of the silicone implant.
Mrs. Dean went to a plastic surgeon, who advised her that the implant would need replacement; however, he could not perform the surgery for another 4-6 weeks. Plaintiff then consulted Dr. Hamid Massiha, a plastic surgeon, on August 16, 1991. He examined Mrs. Dean and reviewed the mammogram results and concluded *38 that the implant had ruptured, necessitating replacement.
Dr. Massiha removed the silicone implant on August 22, 1991. At the time of surgery, he did not see any leakage from the implant, nor did he see any free standing silicone around the implant site. The silicone implant was sent to a pathologist for examination, this examination likewise showed no leakage of the implant. Complications resulted in a second surgery on December 6, 1991.
Mrs. Dean instituted this action for medical malpractice by filing with the medical review panel. The review panel found no merit to plaintiffs' claims of negligence, and stated that:
Opinion: the evidence does not support the conclusion that Ochsner Clinic or Alton Ochsner Foundation Hospital failed to meet the applicable standard of care as charged in the complaint.
Reasons: after reviewing all evidence submitted, it appears that the technicians at Ochsner Clinic performed the mammogram on the patient consistent with and well within the applicable standard of care. This conclusion is supported by the fact that the technician called in her supervisor to assist her because of the possible difficulties caused by the presence of scar tissue and lack of breast tissue. This procedure even when performed by the most skilled technicians can be painful to the patient.
Our conclusion is further supported by the lack of proof that a rupture in the implant occurred. While the original mammogram films suggest possibility of leakage, subsequent records indicate to the contrary.
Plaintiffs instituted this suit on June 1, 1994, against Ochsner Hospital. In the petition, they allege prior to the mammogram, Mrs. Dean had no pain or deformity associated with the implant; however, after the mammogram the prosthesis was damaged, necessitating replacement. Plaintiffs allege that negligence of the Ochsner Clinic radiographic technicians caused the damage and resulting two surgeries.
Ochsner Hospital filed this motion for summary judgment on October 22, 1998, over seven years after the procedure at issue and over four years after the institution of this suit, based on the fact that plaintiffs had produced no expert to show a breach in the standard of care. In opposition to the motion for summary judgment, plaintiffs offered the deposition testimony of Dr. Massiha. The trial court granted the motion for summary judgment and this appeal followed.
A motion for summary judgment is properly granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966 B.
The summary judgment procedure is favored and shall be construed to accomplish the ends of just, speedy, and inexpensive determination of allowable actions. La. C.C.P. art. 966 A(2); Perricone v. East Jefferson General Hospital, 98-343 (La. App. 5 Cir. 10/14/98), 721 So.2d 48.
La. C.C.P. art. 966 C(2) provides that:
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary *39 burden of proof at trial, there is no genuine issue of material fact.
In this case, plaintiffs are alleging that the radiographic technicians at Ochsner Clinic committed medical malpractice. Plaintiffs in a medical malpractice suit against a hospital have the burden of showing that the hospital personnel negligently departed from the recognized standard of care afforded by hospitals in the area for the particular malady involved. Jones v. Rapides General Hospital, 598 So.2d 619 (La.App. 3 Cir.1992).
Defendant hospital filed this motion for summary judgment alleging that there is no issue of fact as to whether defendant breached the standard of care. In support of the motion for summary judgment, defendant produced the opinion of the medical review panel, as well as the affidavit of one of the physicians who sat on that panel, which stated that there was no evidence of any deviation of the applicable standard of care.
As support for their claim and in rebuttal to the motion for summary judgment, plaintiffs presented the deposition of Dr. Massiha, who reviewed the mammogram X-ray. He stated that the X-ray showed a dark, crescent shape indicative of leakage or scar tissue. The formation of scar tissue takes a few days to a few weeks. Scar tissue could be caused or increased by rough handling. It is also possible for scar tissue to form normally. When asked if the mammogram procedure, as described by Mrs. Dean, was substandard, Dr. Massiha stated that he did not know. Dr. Massiha could not determine whether the personnel at Ochsner Hospital had been negligent.
It is well established that expert witnesses who are members of the medical profession are necessary sources in medical malpractice actions to determine whether the defendant possessed the requisite degree of skill or knowledge or failed to exercise reasonable care and diligence. Martin v. East Jefferson General Hospital, 582 So.2d 1272 (La.1991); Venable v. Dr. X, 95-1634 (La.App. 3 Cir. 4/3/96), 671 So.2d 1249. We note that jurisprudence has recognized some exceptions to this rule. An expert is not required when there is some obvious act from which a lay person can infer negligence, such as fracturing a leg during examination, amputating the wrong limb, dropping knife, scalpel or acid on a patient, or leaving a sponge in a patient's body. Pfiffner v. Correa, 94-0924, 94-0963, 94-0992 (La.10/17/94), 643 So.2d 1228. However, this is not applicable in the case herein.
The record shows that, despite the passage of four years from the date of filing of this suit to the date of the filing of the motion for summary judgment, plaintiffs have produced no expert who they intend to call at trial, to show that the performance of the Ochsner Clinic personnel fell below the acceptable standard of care. Accordingly, plaintiffs have produced no factual support sufficient to create a material issue of fact to defeat defendant's motion for summary judgment. Perricone, supra; Venable, supra.
Plaintiffs contend that the doctrine of res ipsa loquitur should be applied to this case. The doctrine of res ipsa loquitur applies when: (1) the accident would not normally occur in the absence of negligence, (2) there is an absence of direct evidence to explain the activities leading to the injury, and (3) the accident or injury was caused by an agency on instrumentality within the actual or constructive control of the defendant. Levy v. Our Lady of the Lake Regional Medical Center, 546 So.2d 592, 593 (La.App. 1 Cir. 1989), writ denied, 550 So.2d 653, citing Bergeron v. Houma Hospital Corp., 514 So.2d 1192, 1195 (La.App. 1 Cir.1987); writ denied, 517 So.2d 812 (La.1988). "Res ipsa loquitur applies when `circumstances suggest the defendant's negligence as the most plausible explanation for the injury."' Levy, supra, at page 593, citing Smith v. State through Department of *40 Health and Human Resources Administration, 523 So.2d 815, 822 (La.1988). Thus, plaintiffs must show that the injury would not normally occur in the absence of negligence. Levy, supra.
Plaintiffs have not met that burden here. Plaintiffs argue that prior to her mammogram, Mrs. Dean's breast and implant were normal and without pain, and that after the mammogram, the breast was deformed and painful. However, plaintiffs have not shown any accident or deviation in the standard of care by the personnel at Ochsner Clinic, and they have produced nothing to show that the mammogram caused any continuing pain or deformity. Thus, there is an absence of factual support for an essential element of plaintiffs' claim.
We therefore find that the trial court did not err in granting defendant's motion for summary judgment. All costs of this appeal are assessed against plaintiffs/appellants.
AFFIRMED.