802 So.2d 686 (2001)
George A. BATISTE
v.
GENERAL MOTORS CORPORATION and Allstate Insurance Company.
No. 2000-CA-2027.
Court of Appeal of Louisiana, Fourth Circuit.
May 23, 2001.
Writ Denied November 9, 2001.
*687 Anthony L. Glorioso, Metairie, Counsel for Plaintiff/Appellant.
J. Karl Viehman, J. Eric Lockridge, Hartline, Dacus, Dreyer & Kern, L.P., Dallas, TX, Carl J. Giffin, Jr., Metairie, Counsel for Defendant/Appellee.
Court composed of Chief Judge WILLIAM H. BYRNES III, Judge JAMES F. McKAY III, Judge DENNIS R. BAGNERIS Sr.
BYRNES, Chief Judge.
Plaintiff, George A. Batiste, appeals a summary judgment[1] dismissal of his claim for personal injury arising out of a vehicle accident which occurred on February 12, 1997. We affirm.
Plaintiff alleges that the sole and proximate cause of his injuries was the failure of the air bags on his 1996 General Motors Corporation Oldsmobile Cutlass to inflate properly. Although the plaintiff contends that the failure of the airbag to deploy was the cause of his injuries, he does not allege that the failure to deploy contributed in any way to the accident. Therefore, plaintiff's claim can be characterized as a products liability, crashworthiness, or enhanced injury case. In an answer to an interrogatory, the plaintiff stated that, "The driver's side air bag failed to deploy upon front end contact with the concrete wall of Interstate 10, as well as impact with another vehicle." In response to another interrogatory the plaintiff stated that:
I was driving eastbound on I-10 nearing Morrison Road in the far left lane when my vehicle traveled through a large puddle of water in the road and I lost control. My vehicle began spinning and I hit the concrete divider was on 10, bounced off the wall and then hit a second vehicle which was traveling in the middle lane of I-10. My vehicle then hit the concrete and stopped. The police report contains my version of events. [Emphasis added.]
From the foregoing interrogatory answer, we infer that the diagram contained in a copy of a page from the police report annexed to plaintiffs opposition to motion for summary judgment represents plaintiff's *688 "version of events." This diagram appears to show the plaintiff's vehicle striking the concrete divider at an angle and subsequently colliding with the side of a second vehicle at an estimated speed of between 50 and 55 m.p.h.
The General Motor's Owner's Manual for the plaintiff's vehicle provides in pertinent part that:
When should an airbag inflate?
The air bag is designed to inflate in moderate to severe frontal or nearfrontal crashes. The air bag will inflate only if the impact speed is above the system's designed "threshold level." If your vehicle goes into a wall that doesn't move or deform, the threshold level is about 9 to 15 mph (14 to 24 km/h). The threshold level can vary, however, with specific vehicle design, so that it can be somewhat above or below this range ... [Emphasis added.]
The plaintiff does not challenge the expertise of General Motor's experts. The affidavit of Brian Everest, General Motor's engineer and expert in accident reconstruction and performance of component parts of vehicles explained that because of the angle at which plaintiff's vehicle struck the concrete divider the "longitudinal deceleration" was below the deployment threshold. He reached the same conclusion regarding the manner that the plaintiff's vehicle struck the side of the tanker truck because the truck was moving in the same direction as the plaintiff's vehicle at the time of impact.
General Motors also presented the affidavit of Kevin Poteet, an expert certified auto mechanic which stated that:
I connected the Tech I to the Sensing Diagnostic Module (SDM) on February 24, 1997, and there were no codes stored in the SDM that indicated that the air bag should have deployed in the accident of February 12, 1997.
Brian Everest's affidavit explained the significance of what was contained in Kevin Poteet's affidavit:
The SDM is a device that performs diagnostic monitoring of the SIR system components, defects and records malfunctions, and records system status in non-volatile memory. The Tech I is a device that communicates with the SDM to detect codes stored at the time of connection;
* * * *
Based on my years of experience and training and the safety aspects of automobiles, it is my opinion that the evidence in this case demonstrates that the air bag was functioning properly and should not have deployed at the time of this accident. Moreover, if there was a malfunction of the system, it would be evident from the SDM. The SDM recorded no such malfunction. Accordingly, it is my further opinion that the air bag was not defective in any respect and performed as intended and therefore, did not cause Plaintiff's injuries, if any. Furthermore, it is my opinion that the injuries, if any sustained by Plaintiff, would not have been lessened had the air bag deployed.
The plaintiff cites Smith v. Our Lady of the Lake Hosp., Inc., 612 So.2d 816 (La.App. 1 Cir.1992), for the proposition that opinions or beliefs of an expert based on his or her special training and experience do not meet the personal knowledge requirement of LSA-C.C.P. art. 967. The Supreme Court in Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, p. 14-15 (La.2/29/00), 755 So.2d 226, 235, reviewed the line of cases supporting this proposition and rejected them:
After all, it would be inequitable and illogical to allow a party who has eyewitness *689 testimony to be granted a summary judgment over a party who has no eyewitness testimony, but who does have expert opinion evidence, which if believed, would contradict the eyewitness testimony. In such a case, the party with only expert opinion evidence may have actually prevailed at trial but would lose on summary judgment because his evidence would not be admissible, as it is not based on personal knowledge. For example, a driver of a vehicle, claiming that her brakes were defective, may testify that she was pressing the brakes of her car but nonetheless the car increased its forward speed before a collision. She could file a motion for summary judgment attaching her affidavit attesting to the facts as she remembers them. The car or brake manufacturer, who has no eyewitness evidence, may nonetheless have expert opinion evidence that, based on his knowledge of the brake system and his training and experience, the brakes did not fail and the driver must have pressed the accelerator instead of the brakes. A jury may not believe the driver and may be convinced that based on the defendant's expert evidence, which is based on the circumstances of the case (i.e., increased, rather than decreased, speed), the driver did in fact press the accelerator and not the brakes, and would find in favor of the defendant at trial. In such a case, it would be illogical and inequitable to allow that same plaintiff, who would have lost at trial, to prevail on summary judgment because the defendant's evidence submitted in opposition to the motion was not based on personal knowledge under La. C.C.P. art. 967.
As in Independent Fire Ins. Co. v. Sunbeam Corp., the plaintiff does not contend that any of the expert opinion evidence would be inadmissible at trial under Daubert-Foret.
Because of the manner in which the plaintiff's vehicle struck the concrete divider and the other vehicle the doctrine of res ipsa loquitur does not apply.
This Court explained the doctrine of res ipsa loquitur in Small v. Baloise Ins. Co. of America, 96-2484, p. 12 (La.App. 4 Cir. 3/18/98), 753 So.2d 234, 242:

Res ipsa is a rule of circumstantial evidence which allows a court to infer negligence if the facts indicate that the defendant's negligence more probably than not caused the damage. Spott v. Otis Elevator Co., 601 So.2d 1355, 1362 (La.1992). The doctrine is sparingly applied and generally requires three elements: 1) the circumstances surrounding the accident are so unusual that, in the absence of other pertinent evidence, there is an inference of negligence by defendant; 2) the defendant had exclusive control of the thing causing the damage; and 3) the only reasonable and fair conclusion is that the accident was due to the defendant's breach of a duty. Id. [Emphasis added.]
The evidence does not support consideration of res ipsa. The malfunctioning valve was not so unusual as to require an inference of negligence and we cannot conclude that defendant's negligence is the only reasonable and fair conclusion as to the cause of the malfunction.
In the instant case the defendant, General Motors did not have exclusive control of the thing (the airbag) which allegedly caused the damage. More significantly, we cannot say that the only fair and reasonable conclusion is that the defendant's breach of a duty caused the accident. The affidavits of General Motors' experts show otherwise. Moreover, there are many accidents in which the failure of the airbag to deploy is consistent with its proper functioning. *690 The defendant's experts showed that the failure of the airbag to deploy was attributable to the manner in which the plaintiff's vehicle made impact.
Plaintiff contends that this case is analogous to that of Pfiffner v. Correa, 94-0924 (La.10/27/94), 643 So.2d 1228, 1233 where the Supreme court stated that:
The jurisprudence has also recognized that there are situations in which expert testimony is not necessary. Expert testimony is not required where the physician does an obviously careless act, such as fracturing a leg during examination, amputating the wrong arm, dropping a knife, scalpel, or acid on a patient, or leaving a sponge in a patient's body, from which a lay person can infer negligence.
We find that the failure of the airbag to deploy in the instant case under the version of the accident as shown in the police report offered by the plaintiff and as analyzed by General Motor's experts is not analogous to the examples of obvious negligence described in Correa. In saying this, we wish to stress that we are not saying that expert testimony would be required in order to prove the existence of a defect in every instance where an airbag fails to deploy.
Because matters of longitudinal deceleration and threshold of deployment are technical matters beyond the expertise of the lay plaintiff in this case, the answers to interrogatories based on the excerpt from the police report are insufficient to raise a genuine issue of material fact on these matters. The burden of proof of causation will be on the plaintiff at trial. Thus, when General Motors presented its affidavits showing that the airbag did not malfunction, the burden shifted to the plaintiff to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. LSA-C.C.P. art. 966C(2). As has already been explained, plaintiff may not rely on the doctrine of res ipsa loquitur to discharge this burden. Plaintiff does not have sufficient expertise to discharge this burden himself. Therefore, the only other way for the plaintiff to discharge this burden would be to present his own experts. He has failed to do so and not has suggested that he would do so if given the opportunity. The plaintiff did not ask for additional time under LSA-C.C.P. art. 967 in which to obtain expert evidence. Plaintiff does not suggest that outside of his own version of how the accident occurred as gleaned from his answers to interrogatories, which is insufficient, and the doctrine of res ipsa loquitur which this Court has already determined does not apply based on the record as it now stands, that he will be able to present any other evidence that the airbag was defective. We have a record in which the plaintiff has failed to offer any persuasive evidence of his own and in which the plaintiff has done nothing to discredit the expert evidence offered by General Motors. We are unable to see where the plaintiff has succeeded in showing the existence of a genuine issue of material fact.[2]
Accordingly, we find no error in the judgment of the trial court. For the foregoing reasons, the judgment is affirmed.
AFFIRMED
McKAY, J., dissents with reasons.
McKAY, J., Dissenting with Reasons.
I respectfully dissent from the majority's opinion and would reverse the trial court's granting of summary judgment.
*691 The trial court granted the summary judgment on the basis that a plaintiff must produce expert testimony in order to prevail in a product liability claim. However, the burden required for a summary judgment is "that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." Short v. Giffin, 96-0361 (La.App. 4 Cir. 8/21/96), 682 So.2d 249. Furthermore, Mr. Batiste submits that he has alleged a head on collision with the concrete rail of I-10 and a rear end collision with the rail of I-10 at a speed of approximately 50 m.p.h. The defense experts, however, have indicated that they do not believe that this was a front end collision or a rear end collision, and therefore the air bag functioned properly by not deploying. A genuine issue of material fact exists as to what kind of collision did happen. Accordingly, summary judgment as to whether the air bags deployed properly was improper.
NOTES
[1] We will spare the reader the usual general summary judgment boiler plate citations about de novo review, shifting burdens, how it is now favored, genuine issues of material fact, the inappropriateness of weighing evidence or making credibility calls, etc. Where appropriate, specific summary judgment issues will be discussed.
[2] Because of the failure of the plaintiff's case to meet basic summary judgment requirements, no detailed analysis of the Louisiana Products Liability Act, LSA-R.S. 9:2800.51, et seq., is required.