817 So.2d 1224 (2002)
Craig WILLIAMS
v.
METRO HOME HEALTH CARE AGENCY, INC., et al.
No. 2002-C-0534.
Court of Appeal of Louisiana, Fourth Circuit.
May 8, 2002.
*1226 Michael J. Ecuyer, John L. Fontenot, Richard G. Duplantier Jr., Galloway, Johnson, Tompkins, Burr & Smith, New Orleans, Louisiana, for defendants/relators.
Darryl Harrison, Dewayne L. Williams, New Orleans, Louisiana, for plaintiff/respondent.
Court composed of Chief Judge WILLIAM H. BYRNES, III, Judge STEVEN R. PLOTKIN, and Judge JAMES F. MCKAY, III. JJ.
WILLIAM H. BYRNES, Chief Judge.
In this medical malpractice action, the defendants/relators, Edward Schiro and CNA Insurance Company, filed a writ application, seeking review of the February 5, 2002 judgment denying their motion for summary judgment.
The plaintiff, Craig Williams, is a paraplegic confined to a wheelchair. In June 1994, defendant Metro Home Health Care Agency, Inc. assigned the relator, Edward Schiro, a registered nurse, to educate and assist the plaintiff in caring for decubitus ulcers on his hips. Schiro was scheduled to see the plaintiff three times a week.
The plaintiff alleges that Schiro visited the plaintiff only once a week; and he fabricated his notes to indicate otherwise. Additionally, the plaintiff stated that when he complained of the neglect, an investigation was conducted and Schiro was fired as a result.
In September 1994, the plaintiff developed a new ulcer on his buttocks.
On June 9, 1995, the plaintiff filed a petition for damages, alleging that as a result of Schiro's negligent care, the plaintiff developed the ulcer that required surgical intervention. The plaintiff named nurse Schiro, Metro Home Health Care, and its liability carrier, CNA Insurance Company, as defendants.
The defendants/relators filed a motion for summary judgment, which was denied after a hearing on January 12, 2001. The defendants/relators filed a second motion for summary judgment on September 16, 2001, which was also denied. According to the defendants/relators, the trial judge in open court gave the plaintiff additional time to produce an expert witness.
On December 20, 2001, the plaintiff filed his witness list. The defendants/relators allege that the plaintiff did not identify an expert witness on his list. The defendants/relators then filed a third motion for summary judgment based on the plaintiffs failure to name an expert witness. The trial court denied the motion, and the defendants/relators' writ application followed.
The defendants/relators complain that because the plaintiff failed to produce an expert witness to establish the standard of care, a breach of the standard, and the causal connection between the breach and the resulting damage, the defendants/relators' motion for summary judgment should be granted.

Summary JudgmentStandard of Review
Appellate courts review a summary judgment de novo, using the same criteria applied by the trial courts to determine whether the summary judgment is appropriate. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181 c/w 99-2257, (La.2/29/00), 755 So.2d 226, 230. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions. Two Feathers Enterprises v. First National Bank, 98-0465 (La.App. 4 Cir. 10/14/98), 720 So.2d 398, 400. The procedure is favored and shall be construed to accomplish these ends. La.C.C.P. art. 966A(2). A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a *1227 material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966B. However, if the movant will not bear the burden of proof at trial on the matter that is before the court, the movant's burden does not require him to negate all essential elements of the adverse party's claim. Rather, he need only point out that there is an absence of factual support for one or more elements essential to the adverse party's claim. La.C.C.P. art. 966C(2).
Pursuant to La.C.C.P. art. 966, the initial burden of proof remains on the mover to show that no genuine issue of material fact exists. After the mover has met its initial burden of proof, the burden shifts to the non-moving party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. La.C.C.P. art. 966(C)(2). If the non-moving party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment. La.C.C.P. art. 966; Schwarz v. Administrators of Tulane Educational Fund, 97-0222 (La.App. 4 Cir. 9/10/97), 699 So.2d 895, 897. When a motion for summary judgment is properly supported, the non-moving party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided by law, must set forth specific facts showing that there is a genuine issue of material fact for trial. La.C.C.P. art. 967; Townley v. City of Iowa, 97-493 (La.App. 3 Cir. 10/29/97), 702 So.2d 323, 326.
Making an evaluation of credibility has no place in determining summary judgment; it is not the trial court's function on motion for summary judgment to determine or even inquire into the merits of the issues raised. Rapp v. City of New Orleans, 95-1638 (La.App. 4 Cir. 9/18/96); 681 So.2d 433, writ denied 96-2925 (La.1/24/97); 686 So.2d 868; Walker v. Kroop, 96-0618 (La.App. 4 Cir. 7/24/96); 678 So.2d 580. Deposition testimony may be used to support or oppose a motion for summary judgment, but it is not weighed. Leflore v. Coburn, 95-0690, 95-0249 (La.App. 4 Cir. 12/28/96); 665 So.2d 1323, writ denied 96-0411 (La.3/29/96); 670 So.2d 1234, writ not considered, 96-0453 (La.3/29/96); 670 So.2d 1234.

Medical MalpracticeBurden of Proof
The present action is based on claims of negligent medical care. La.R.S. 9:2794A provides that in a medical malpractice action based on the negligence of a physician, the plaintiff shall have the burden of proving:
(1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians... licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians ... within the involved medical specialty.
(2) That the defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill.
(3) That as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred.

*1228 Richoux v. Tulane Medical Center, 617 So.2d 13, 16 (La.App. 4 Cir.1993).
The standards governing the actions of medical professionals are established by custom; and as medical professionals, nurses are subject to the same standard as doctors. The locality rule is applicable to malpractice actions filed against them. La.R.S. 40: 1299.41(A)(7). It is a nurse's duty to exercise the degree of skill ordinarily employed, under similar circumstances, by the members of the nursing or health care profession of good standing in the same community or locality, and to use reasonable care and diligence, along with his or her best judgment, in the application of his or her skill to the case. Donaldson v. Sanders, 94-1366 p. 7 (La.App. 3 Cir. 7/19/95), 661 So.2d 1010, 1015.
Causation is an issue of fact that is generally decided at the trial on the merits. Estate of Adams v. Home Health Care of Louisiana, 2000-2494 p. 1 (La.12/18/00), 775 So.2d 1064.

Expert Testimony
In Batiste v. General Motors Corp., 2000-2027 (La.App. 4 Cir. 5/23/01), 802 So.2d 686, writ denied, 2001-2193 (La.11/9/01), 801 So.2d 375, this court held that the doctrine of res ipsa loquitur was inapplicable, and the motorist was required to present expert testimony to create a genuine issue of material fact after the manufacturer introduced expert testimony that the properly functioning airbag would not have deployed because of the manner in which the motorist's vehicle made impact. This court referred to Pfiffner v. Correa, 94-0924, 94-0963, 94-0992 (La.10/27/94), 643 So.2d 1228, 1233, where the Louisiana Supreme Court stated:
The jurisprudence has also recognized that there are situations in which expert testimony is not necessary. Expert testimony is not required where the physician does an obviously careless act, such as fracturing a leg during examination, amputating the wrong arm, dropping a knife, scalpel, or acid on a patient, or leaving a sponge in a patient's body, from which a lay person can infer negligence.
In Russo v. Bratton, 94-2634 p. 18 (La. App. 4 Cir. 6/29/95), 657 So.2d 777, 786, writ denied, 95-1964 (La.11/13/95), 662 So.2d 474, this Court noted that the exceptions enumerated in Pfiffner were limited and an expert witness is generally necessary as a matter of law to prove a medical malpractice claim.
In Manning v. Sketchier, 99-1128 (La. App. 5 Cir. 3/22/00), 759 So.2d 869, the Fifth Circuit upheld the granting of partial summary judgment for the surgeon. The appellate court found that the surgeon was not negligent in surgery and post-operative orthopedic care of a patient who developed complications after a rod was inserted in his femur, absent expert testimony that the surgeon breached the applicable standard of care. The alleged acts of negligence were not so obvious as to eliminate the necessity of expert testimony.
In the present case, the defendants/relators aver that because the nurse, Schiro, is held to the same standard as physicians, and because of the technical nature of the complaint, a medical expert is required. However, in Pfiffner v. Correa, supra, the Louisiana Supreme Court found that failure to attend a patient when the circumstances demonstrate the serious consequences of this failure, and failure of an on-call physician to respond to an emergency when he knows or should know that his presence is necessary are also examples of obvious negligence which require no expert testimony to demonstrate the physician's fault See also Coleman v. Deno, XXXX-XXXX (La.1/25/02), 813 So.2d 303; Dean v. Ochsner Medical Foundation *1229 Hosp. and Clinic, 99-466 (La.App. 5 Cir. 11/10/99), 749 So.2d 36. Res ipsa loquitur applies when circumstances suggest the defendant's negligence as the most plausible explanation for the injury; thus, plaintiffs must show that the injury would not normally occur in the absence of negligence. Id.
In Johnson v. State of Louisiana/University Hospital, XXXX-XXXX (La.App. 4 Cir. 1/16/02) 807 So.2d 367 a medical malpractice action, after the defendant physician performed an aortic valve replacement, the patient developed an abscess and an aneurysm at the surgical site. Later, the patient died during surgery to correct those conditions. This court found that expert testimony was required for the plaintiffs to carry the burden of proof to show the appropriate standard of care, breach and causation. This court granted summary judgment where the plaintiff filed no countervailing affidavits. Plaintiff named no expert witness and provided no depositions but relied on the allegations of the petition.
The present matter is distinguished from the above case. In Johnson, the abscess could have developed as a result of surgery. Medical expert testimony was necessary to determine the standard of care, breach and causation where the surgery procedure was involved. In the present case, the nurse, Schiro, did not perform surgery, and failure to see the patient as well as the lack of Schiro's attention are claimed to be the cause of the ulcer and resulting surgery. Schiro allegedly failed to see the plaintiff the number of times required by the plaintiff's treating physician. Schiro also allegedly falsified his notes on the care of the plaintiff, which resulted in his termination.
In the present case, the plaintiff asserts that he does not need his own expert to establish what is the standard of care, whether it was breached, and causation. The plaintiff refers to the deposition of Dr. Kline, the physician under whose orders, the nurse, Schiro, was to see the patient three times a week. The plaintiff notes that the defendants/relators stated that: "both Dr. Kline and Dr. Strand testified that the plaintiff decubitus ulcer was the result of plaintiff's failure to perform pressure releases in a timely and appropriate manner." The plaintiff quoted Schiro's deposition, in which Schiro stated: "The orders were to observe and monitor the patient's condition for wound care, nutrition status, teaching needs, any knowledge deficits that he may have concerning his care." When asked what the doctor wanted him to do for the patient, Schiro responded, "To teach him and monitor his wound care." The plaintiff avers that when questioned about his objectives in the patient's care, Schiro replied: "That the patient would be knowledgeable of his disease process and that he would know how to treat his wounds, that he would know what signs and symptoms to look for signs of infection, basically teaching, teaching needs, knowledge deficits." On his witness list, the plaintiff included the names of four registered nurses, as well as "Any other witness and / identified by any other party."
The question of whether or not Schiro's failure to attend or to instruct the patient concerning proper medical methods as required, contributed to the change in the plaintiff's condition, creates a genuine issue of material fact. Expert testimony is not mandated where the physician or caretaker does an obviously careless act from which a lay person can infer negligence. The trier of fact may determine whether or not Schiro was negligent for his lack of attention to the plaintiff as the cause or a contributing cause of the plaintiff's ulcer without the necessity of additional expert testimony under the circumstances. *1230 There is testimony upon which the plaintiff may rely to establish the standard of care, the breach, and causation to determine whether the nurse, Schiro, was negligent. The trial court did not err in denying the defendants/relators' motion for summary judgment.
Accordingly, the defendants/relators' writ application is denied.
WRIT GRANTED; RELIEF DENIED