721 So.2d 48 (1998)
Miriam B. PERRICONE
v.
EAST JEFFERSON GENERAL HOSPITAL, Mack R. Holdiness, M.D., James M. Tubb, M.D., Elizabeth A. Roussel, Gloria Hand and Lisa T. Morgan.
No. 98-CA-343.
Court of Appeal of Louisiana, Fifth Circuit.
October 14, 1998.
*49 Raymond G. Hoffman, Jr., Metairie, for Plaintiff/Appellant.
Harvey J. Godofsky, Mang, Batiza, Gaudin, Godofsky & Penzato, Metairie, for Defendant/Appellee Mack R. Holdiness, M.D.
C. William Bradley, Jr., Richard E. Gruner, Jr., Lemle & Kelleher, New Orleans, for Defendant/Appellee James M. Tubb, M.D.
Before GOTHARD, J., and THOMAS C. WICKER, Jr., and NESTOR CURRAULT, Jr., JJ. Pro Tem.
GOTHARD, Judge.
Plaintiff, Miriam B. Perricone, appeals from a decision of the trial court granting summary judgment in favor of defendants James M. Tubb, M.D. and Mack R. Holdiness, M.D., dismissing them from this suit for medical malpractice. For the following reasons, we affirm the decision of the trial court.
On March 6, 1994, Ms. Perricone was admitted to East Jefferson General Hospital with complaints of shortness of breath and on March 14, 1994, she underwent cardiovascular surgery. On March 17, 1994, while recovering from the surgery, Ms. Perricone fell, and was discovered on the floor by her hospital bed. On March 20, 1994, Ms. Perricone fell again, and fractured her right hip, and on March 24, 1994, Ms. Perricone underwent a second surgery to repair the fracture.
Ms. Perricone contended that the sole cause of her second fall on March 20th and the resultant injuries was the negligence and fault of defendants, and she filed a request for a Medical Review Panel with the Louisiana Patient Compensation Fund. On June 16, 1996, that panel rendered an opinion, finding that the evidence did not support a conclusion that the defendants failed to meet the *50 applicable standards of care. Ms. Perricone then filed this suit for damages on September 16, 1996. Named as defendants were East Jefferson General Hospital and several nurses assigned to care for plaintiff; Dr. Mack R. Holdiness, plaintiff's treating physician, and; Dr. James M. Tubb, the cardiovascular surgeon who operated on plaintiff.
Drs. Holdiness and Tubb each filed a motion for summary judgment, alleging that there were genuine issues of material fact with regard to the liability of these physicians, and that they were entitled to judgment as a matter of law. Both motions were based on the fact that Ms. Perricone had not named an expert who would testify that the doctors breached the applicable standard of care. The trial court granted these motions for summary judgment, and this appeal followed.
After the appeal was lodged in this court, Dr. Holdiness and Dr. Tubb, appellees herein, filed a motion to dismiss the appeal. The motions have been referred to this panel for consideration.

MOTIONS TO DISMISS
The judgment on appeal, dismissing the appellees, did not dismiss all the defendant parties, as East Jefferson General Hospital still remains a defendant in this suit, and therefore this judgment constitutes a partial final judgment. La. C.C.P. art. 1915 B now provides that:
(1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, theories, or parties, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless specifically agreed to by the parties or unless designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
In Banks v. State Farm Insurance Co., 30,868 (La.App. 2 Cir. 3/5/98), 708 So.2d 523, the court listed several factors to be applied in determining whether a partial judgment is immediately appealable:
1.) The relationship between the adjudicated and the unadjudicated claims;
2.) The possibility that the need for review might or might not be mooted by future developments in the district court;
3.) The possibility that the reviewing court might be obliged to consider the same issue a second time;
4.) The presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; and,
5.) Miscellaneous facts such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.
Id. at page no. 525, citing Allis-Chalmers Corp. v. Philadelphia Electric Co., 521 F.2d 360 (3rd Cir.1975).
This criteria as set forth in Banks v. State Farm, was adopted by this court in Berman v. De Chazal, 98-81 (La.App. 5 Cir. 5/27/98), 717 So.2d 658.
The proper standard of review of the trial court's order finding that a judgment is immediately appealable, when that order is accompanied by reasons, is whether the trial judge abused his discretion. When no reasons are given, the court is to review the propriety of the certification de novo, considering generally the criterial set forth in Banks v. State Farm Insurance Co. See, Berman v. De Chazal, supra.
In the instant case, the trial court rendered judgment on August 27, 1997, granting the motions for summary judgment. At that time, the judgment was not immediately *51 appealable, pursuant to La. C.C.P. art. 1915. However, the trial judge on December 16, 1997, issued an order stating that, "This judgment constitutes a final judgment by the Court as there has been an express determination that there is no just reason for delay." Thus, the trial court made an express determination that the judgment was final for the purposes of immediate appeal, as required by art. 1915.
However, the trial judge, in his determination that there was "no just cause for delay", did not give his reasons. Accordingly, we have conducted a de novo review, and we too find that there is no just cause for delay.
The judgment at issue terminates the litigation between the movers and the plaintiff in this suit, and it dismissed the movers as defendants in this suit. Should this court reverse that finding, and find a material fact to be considered, then the issue of whether plaintiff could prove her allegations would need to be litigated at a trial on the merits. Thus, we believe that the trial court correctly found that there is no just reason for delay in the consideration of this appeal.
Accordingly, we deny the motions to dismiss appeal filed by appellees, Dr. Mack Holdiness and Dr. James Tubb.

ISSUE ON APPEAL
In this appeal, plaintiff alleges that the trial court erred in granting the motion for summary judgment as there is a material issue of fact as to whether defendant doctors breached their standard of care still to be resolved.
A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. La.-C.C.P. art. 966(B).
The summary judgment procedure is favored and shall be construed to accomplish the ends of just, speedy, and inexpensive determination of allowable actions. La. C.C.P. art. 966; Orillion v. Alton Ochsner Medical Foundation, 97-115 (La.App. 5 Cir. 5/28/97), 695 So.2d 1063.
Pursuant to La. C.C.P. art. 966, the mover bears the burden of proof to show "that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law". Once the mover has made a prima facie showing that the motion should be granted, the burden shifts to the adverse party to present evidence demonstrating that material factual issues remain. Once the motion for summary judgment has been properly supported by the moving party, the failure of the adverse party to produce evidence of a material factual dispute mandates the granting of the motion. Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41.
However, if the mover will not bear the burden of proof at trial, he only need point out to the court that there is an absence of factual support for one or more of the elements essential to the adverse party's claim. Once the mover establishes that there is no factual support for an essential element of the adverse party's claim, the burden shifts to the adverse party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If he fails to do so, the mover is entitled to summary judgment. Tonubbee v. River Parishes Guide, 97-440 (La.App. 5 Cir. 10/28/97), 702 So.2d 971.
In this case, the plaintiff has alleged medical malpractice. La. R.S. 9:2794 A provides:
In a malpractice action based on the negligence of a physician licensed under R.S. 37:1261 et seq., a dentist licensed under R.S. 37:751 et seq., an optometrist licensed under R.S. 37:1041 et seq., or a chiropractic physician licensed under R.S. 37:2801 et seq., the plaintiff shall have the burden of proving:
(1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians, dentists, optometrists, or chiropractic physicians licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances; and where the defendant practices in a particular specialty and where the alleged *52 acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians, dentists, optometrists, or chiropractic physicians within the involved medical specialty.
(2) That the defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill.
(3) That as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred.
Plaintiff has alleged that the care provided by Drs. Tubb and Holdiness was negligent. Thus, at trial she will bear the burden of proving the degree of care required by the doctors, and that the care provided fell below that standard.
As support for her claim and in rebuttal to the motions for summary judgment, plaintiff introduced a document entitled "Departmental Procedure Manual for Nursing: Standard Safety and Falls Prevention Measures", and she argues that there is a question of fact as to whether that procedure was implemented in this case. While this document reflects the standard of care to be applied by nurses, plaintiff fails to present any evidence as to what was required of the doctors in assessing and implementing a fall care plan. No other evidence was presented by the plaintiff.
Expert witnesses who are members of the medical profession are necessary sources of proof in medical malpractice actions to determine whether the defendant doctor possessed the requisite degree of skill and knowledge or failed to exercise reasonable care and diligence. Seagers v. Pailet, 95-52 (La.App. 5 Cir. 5/10/95), 656 So.2d 700. In this case defendant, through interrogatories, sought to discover what experts would be utilized by the plaintiff. Plaintiff responded that she had not yet determined who would be called as an expert.
The doctors then filed their motions for summary judgment alleging that the plaintiff had presented no factual support for her allegations that they had breached the applicable standard of care, and therefore had presented no genuine issue of material fact because she failed to identify any expert to be offered at trial. In addition, the doctors presented the findings of the medical review panel, and thus, the opinion of three medical experts, who opined that the doctors did not fail to exercise reasonable diligence and care.[1] Thus, it was incumbent on the plaintiff to produce factual support for her allegations. Plaintiff failed to do so, and therefore, we find that the trial court correctly granted the motions for summary judgment.
Plaintiff also argues that the trial court erred in failing to give her additional time to produce an expert witness, because no cut-off date for discovery had been set by the trial court. This issue was presented to the court in Richoux v. Tulane Medical Center, 617 So.2d 13 (La.App. 4 Cir.1993). In that case, the court, citing Simoneaux v. E.I. du Pont de Nemours, 483 So.2d 908 (La. 1986), stated that the only requirement for the filing of a motion for summary judgment is that the parties be given a fair opportunity to present their claim.
We find plaintiff's argument that she should be given additional time to produce an expert witness unpersuasive in this case. The record reflects that two and one-half years have elapsed since the accident at issue. The medical review panel issued its finding that there was no evidence to show a breach of the standard of care approximately one year before the filings of the motions for summary judgment at issue. Plaintiff has had a fair opportunity to present her claim, and the trial court did not err in failing to give additional time for discovery prior to the granting of the motions for summary judgment.

*53 CONCLUSION
For the above discussed reasons, the motions to dismiss appeal filed by the defendants/appellees, Dr. Mack R. Holdiness and Dr. James M. Tubb, are denied. The decision of the trial court, granting the motions for summary judgment filed by Dr. Mack R. Holdiness and Dr. James M. Tubb, is affirmed.
MOTIONS TO DISMISS APPEAL DENIED; AFFIRMED.
NOTES
[1] La. R.S. 40:1299.47 H provides that "Any report of the expert opinion reached by the medical review panel shall be admissible as evidence in any action subsequently brought ... in a court of law ..."