829 So.2d 597 (2002)
Keith SCHROTH and Leslie Schroth
v.
SEMINOLE SUPERMARKET, INC.
No. 02-CA-318.
Court of Appeal of Louisiana, Fifth Circuit.
September 30, 2002.
*598 Joseph E. Dugas, New Orleans, LA, and Clement F. Perschall, Jr., Metairie, LA, for Defendant/Appellant.
Joseph V. Dirosa, New Orleans, LA, for Plaintiffs/Appellees.
Panel composed of Judges SOL GOTHARD, MARION F. EDWARDS and SUSAN M. CHEHARDY.
SOL GOTHARD, Judge.
This is an appeal from a grant of a summary judgment in favor of plaintiffs which declared a lease of commercial property to defendant, Seminole Supermarket, Inc., to be null and void and without force and effect. For reasons that follow, we reverse.
The record shows that plaintiffs, Keith and Leslie Schroth, are the current owners of immovable property located at XXXX-XX-XX½ Seminole Street in Metairie, Louisiana. The Schroths purchased the property on September 25, 2000. At the time of the purchase and at the time of filing of suit, defendant, Seminole Supermarket, Inc. (Seminole), occupied the building pursuant to a lease negotiated with the former owners. On January 3, 2001, the Schroths filed this action against Seminole for possession, seeking to have the lease declared invalid or, in the alternative, for breach of lease. Seminole filed an answer asserting the validity of its lease and denying the charges of breach of that lease.
Plaintiffs filed a motion for summary judgment which was heard and granted by the court on November 29, 2001. Written judgment in favor of plaintiffs, granting the summary judgment and declaring the lease invalid was signed by the court on December 3, 2001. It is from that judgment that Seminole appeals.
A summary judgment is appropriate when there remains no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. Summary judgments are now favored in the law and the rules should be liberally applied. Susananbadi v. Johnson, 97-91 (La.App. 5 Cir. 9/17/97), 700 So.2d 886. The summary judgment procedure shall be construed to accomplish the ends of just, speedy, and inexpensive determination of allowable actions. LSA-C.C.P. art. 966; Perricone v. East Jefferson General Hospital, 98-343 (La.App. 5 Cir. 10/14/98), 721 So.2d 48.
The mover bears the burden of proof. Once the mover has made a prima facie showing that the motion shall be granted, the burden shifts to the adverse party to present evidence demonstrating that material factual issues remain. Perricone v. East Jefferson General Hosp., supra. Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. *599 Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180; McVay v. Delchamps, Inc., 97-860 (La.App. 5 Cir. 1/14/98), 707 So.2d 90.
Documents attached to the Schroths' motion for summary judgment include a copy of the sale of the property in 1983 when it was purchased by Yvette Loyocano wife of/and Alfred C. Peralta, and the lease in question. The lease was executed on September 6, 1995, between the succession of Alfred C. Peralta and Seminole Supermarket, Inc. Also made part of that document is an option to purchase.[1] The document is signed by Harriet C. Peralta, co-executor of the succession of Alfred C. Peralta and Rabia M. Ghafoor, president of Seminole.
Seminole opposed the motion and offered the copy of the lease and option to purchase, correspondence to Harriet Peralta concerning the sub-lease of part of the property, and checks written by Seminole to the Schroths for payment of rent during 2001. Those checks were endorsed by the Schroths under the statement, "(a)ccepted on a month-to-month basis only and not as ratification of any alleged lease."
At the hearing on the motion for summary judgment, the Schroths successfully argued that the lease was invalid because one of the owners of the property, Yvette Peralta, did not sign it. Seminole countered that argument by asserting that the lease was valid with only the signature of one of the owners, and that Yvette Peralta acquiesced in the agreement. In brief to this Court, Seminole further argues that the trial court failed to take into consideration the fact that the option to purchase which is referenced in the lease is signed by Yvette Peralta.
It is clear from the record that at the time of the execution of the lease and option to purchase, the property was coowned by the succession of Alfred Peralta, which is represented by Harriet Peralta, and Yvette Peralta, the widow of Alfred. It is also clear that the lease, executed on September 6, 1995, is signed only by Harriet Peralta on behalf of the succession of Albert. The option to purchase, executed on September 25, 1995, was signed by both Harriet and Yvette Peralta. The option to purchase, for which there is consideration of $1,000.00 of repairs to the building made by Seminole, makes specific reference to the lease, and is entitled "165. OPTION TO PURCHASE." Line 165 of the lease states "SEE ADDENDUM ATTACHED."
The law is clear that the use and management of property held in indivision must be determined by agreement of all the co-owners. LSA-C.C. art. 801. Further, LSA-C.C. art. 805 provides that "(t)he consent of all the co-owners is required for the lease, alienation or encumbrance of the entire thing held in indivision." However, the law does not require that the consent of co-owners be written in order to lease property. Caracci v. Vail, 96-147 (La.App. 5 Cir. 6/25/96), 676 So.2d 1106, 1107; writ denied, 96-1892 (La.10/25/96), 681 So.2d 377. Thus, the mere fact that Yvette Peralta did not sign the lease is not determinate of the issue of validity of the document. Acts by a sole co-owner, if useful to all, are ratified as a defacto agency Moody v. Arable, 498 So.2d 1081, 1085 (La.1986). We find there are material questions of fact as to the consent of Yvette Peralta for the lease.
For the reasons discussed herein, we find the matter is not ripe for summary judgment. Material facts remain to be *600 decided which would preclude that ruling at this juncture. Accordingly, we reverse the judgment of the trial court and remand the matter for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] The Schroths also attached affidavits which relate to the issue of breach of lease. However, since the summary judgment determined only that the lease was invalid, the issue of breach of lease is not before us.