| .SOL GOTHARD, Judge.
Plaintiffs, Ernest F. Bonaccorso, Jr., et al, (“Bonaccorso”) appeal from a judgment in favor of defendants, Donald E. Dove and Kenneth Miller, dismissing plaintiffs’ action against them. For the reasons that follow, we affirm the decision of the trial court.
Plaintiffs filed this suit for damages arising out of an automobile accident. The undisputed facts show that, during the morning hours of January 14, 1999, there were a series of automobile car accidents occurring on Interstate 10, over the Bonnet Carre Spillway in St. Charles Parish, during foggy weather conditions. At issue are three of those accidents, which occurred eastbound between LaPlace and Kenner. Mr. Bonaccorso was involved in the third accident in the sequence. The first accident involved defendants Dove and Miller, and occurred when the vehicle in front of Dove, traveling in the left lane, stopped in the roadway. Defendant Miller was directly behind Dove. Dove stopped his vehicle, as did Miller. A third car, driven by Mr. Ryan, was following Miller. It struck the Miller vehicle on the left side, and then hit the Dove vehicle and pushed it into the left guardrail.
| .The second accident occurred when Miller, who was now stopped in the left lane, was struck in the rear by a car driven by Emmet Webb.
Accident three involved nine cars, and occurred behind accident two. The plaintiff was in one of the cars in that accident. In his deposition he stated that he stopped because of the accidents in front of him. He felt two impacts, and after the second one, he was able to maneuver around some of the cars in front of him, stopping between the first and second accidents. He then pulled over to the right shoulder of the road.
Plaintiffs, Mr. Bonaccorso, his wife and children, filed suit against the drivers of the eight other vehicles involved in the third accident. Thereafter, plaintiffs amended their petition to include David Dove and his insurer Allstate Insurance Company, Kenneth Miller and his insurer Allstate Insurance Company, the Department of Transportation and Development and the Office of State Police.
Thereafter, Dove and Miller each filed a motion for summary judgment, which was granted by the trial judge.
*602 In this appeal, plaintiffs admit that Dove and Miller were not part of the accident that caused his damages, but they allege comparative fault arguing that defendants failed to take action subsequent to the first two accidents which could have prevented the accident in which Bonaccorso was involved. Bonaccorso 'alleges that there are issues of fact as to the length of time between the first accident involving Dove and Miller, and his accident, and whether Dove and Miller violated the provisions of La. R.S. 32:141.
LSA-C.C.P. art 966 provides in pertinent part as follows:
.The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
|4C. (1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
Summary judgments are now favored in the law and the rules should be applied liberally. Breaux v. Schiro, 01-1398 (La. App. 5 Cir. 5/29/02), 821 So.2d 123, 125; writ denied, 02-1784 (La.10/4/02), 826 So.2d 1129. On appeal this Court must review a summary judgment de novo and inquire whether there are genuine issues of material fact and whether the summary judgment should be granted in accordance with article 966. Id. The summary judgment procedure shall be construed to accomplish the ends of just, speedy, and inexpensive determination of allowable actions. LSA-C.C.P. art. 966; Perricone v. East Jefferson General Hospital, 98-343 (La.App. 5 Cir. 10/14/98), 721 So.2d 48.
Bonaccorso alleges that defendants Dove and Miller violated the provisions of La. R.S. 32:141(D), which provides in part:
A. Upon any highway outside of a business or residence district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicles shall be available from a distance of two hundred feet in each direction upon such highway.
[[Image here]]
D. In the event of a motor vehicle accident, if the driver is not prevented by injury and the vehicle is not disabled by the accident, or the accident has not resulted in serious injury or death of any person, the driver shall remove the vehicle from the travel lane of the highway to the nearest safe shoulder. Compliance with the provisions of this Subsection shall in no way be interpreted as a violation of requirements to remain at the scene of an accident as provided for in the Highway Regulatory Act or by R.S. 32:414.
In this case, it is uncontroverted that plaintiff was not involved in the Dove and Miller accident. It is plaintiffs contention that Dove and Miller were |snegligent in failing to move their vehicles after their accidents, but prior to the one in which he was involved.
*603 It is also undisputed that there was dense fog, with impaired visibility. In his affidavit, Dove stated that there were approximately ninety accidents on the Bonnet Carre Spillway that morning. Plaintiff, in his deposition (parts of which were introduced at the hearing), stated the roadway was foggy, with adequate visibility until approaching the curve in LaPlace. At that point, there was a “wall” of fog, causing him to reduce his speed, and move to the right hand lane of traffic. He saw brake lights “bouncing in the air,” which caused him to apply his brakes. Right after, he was struck in the rear. As his car moved forward between the first and second accident, he could hear sliding and crashing from the cars behind him. During this time, he saw a person, whom he described as a “shadow in the fog” with a fire extinguisher.
The police report states that the Dove accident occurred at 7:28 am. The police report of plaintiffs accident report states that it occurred at 7:29. Plaintiff alleges that his accident occurred at approximately 7:40; however, he offers no evidence to support this allegation. His own testimony shows that the accidents at issue happened almost immediately prior to his, as he stated that he saw the brake lights of the cars involved in the accident “bouncing” right before his own accident.
The evidence herein is sufficient to show that the three motor vehicle accidents occurred nearly simultaneously. The testimony further established that visibility was poor, with dense fog, and that it would not have been practical for the defendants to move their vehicles, given the short time between each accident and the foggy conditions on the roadway. Accordingly, the trial court did not err in granting the motions for summary judgment filed by Dove and Miller.
pFor the above discussed reasons, the trial court’s ruling granting summary judgment in favor of defendant David E. Dove, and his insurer, and Kenneth Miller, and his insurer, is affirmed. All costs of the appeal are assessed against plaintiff, appellant.

AFFIRMED.