927 So.2d 696 (2006)
Donna WILSON
v.
OCHSNER FOUNDATION HOSPITAL.
No. 05-CA-953.
Court of Appeal of Louisiana, Fifth Circuit.
April 25, 2006.
Rehearing Denied May 12, 2006.
*697 William R. Mustian, III, Stanga & Mustian, Attorney at Law, Metairie, Louisiana, for Plaintiff/Appellant.
Don S. McKinney, John L. Fontenot, Adams and Reese, Attorneys at Law, New Orleans, Louisiana, for Defendant/Appellee.
Panel composed of Judges THOMAS F. DALEY, SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
Plaintiff, Donna Wilson, appeals from the trial court's decision granting summary judgment in favor of defendant Ochsner Foundation Hospital ("Ochsner"), dismissing her suit. For the reasons that follow, we affirm the decision of the trial court.
On March 21, 2001, plaintiff filed her petition for damages alleging that she was the daughter and caretaker of Catherine O'Bryant and that Ms. O'Bryant had been hospitalized at Ochsner for complications secondary to a stroke. Plaintiff's petition alleges that on May 6, 1997, Ochsner prematurely discharged Ms. O'Bryant from care, without the necessary medications and equipment needed for her care. As a result, Ms. O'Bryant suffered severe physical and emotional distress and aggravation of a pre-existing condition. Ms. O'Bryant died on October 23, 2000, prior to the filing of the suit, and therefore plaintiff was the proper party to institute "this survival action for damages sustained by the decedent."[1]
On August 2, 2004, almost three years after the filing of the petition, Ochsner filed a motion for summary judgment. In its motion, Ochsner argued that plaintiff could not meet an essential element of her case. Defendants argue that the plaintiff had not identified any expert witness to opine that there was a breach in the standard of care and that that breach caused damage to the plaintiff. The defendant further stated that it had been three years since plaintiff filed her request for a Medical Review Panel. Plaintiff opposed the motion, contending that her answers to interrogatories, in which she identified Dr. Micelli and two home health nurses as experts who would testify, were sufficient[2]. Defendant rebutted that once it had pointed out the absence of factual support in the form of expert opinion, the plaintiff was obliged to present sworn testimony, such as an affidavit or deposition, and that the plaintiff in this case had not done so.
After hearing held on October 15, 2004, the trial court rendered judgment on December 7, 2004, granting the motion for *698 summary judgment and dismissing plaintiff's claims against Ochsner. In the judgment, the trial court stated "The mere naming of three experts without providing some evidence of the testimony of each is not evidence of factual support sufficient to establish that plaintiff will be able to satisfy his evidentiary burden of proof at trial." Plaintiff appeals from this decision.
Summary judgment shall be rendered if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. La.C.C.P. art. 966(B). The movant for summary judgment has the burden of proof. La.C.C.P. art. 966(C)(2). However if the movant will not bear the burden of proof at trial, its burden on the motion does not require it to negate all essential elements of the adverse party's action, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim. La. C.C.P. art. 966(C)(2). Thereafter if the adverse party, plaintiffs herein, fail to produce factual support sufficient to establish they will be able to satisfy their evidentiary burden of proof at trial, there is no genuine issue of material fact. La.C.C.P. art. 966(C)(2). Decisions as to the propriety of granting the motion must be made with reference to the substantive law applicable to the case. Mohsan v. Roule-Graham, 05-122 (La.App. 5 Cir. 6/28/05), 907 So.2d 804.
In this case, the plaintiff has alleged that Ochsner committed medical malpractice by releasing Catherine O'Bryant from the hospital prematurely, and that O'Bryant suffered damages as a result of that malpractice. In a medical malpractice action based on the negligence of a physician, the plaintiff has the burden of proving the applicable standard of care under similar circumstances, breach of that standard of care, and causation between the breach and the injuries. La. R.S. 9:2794 A[3]; Manning v. Sketchler, 99-1128 (La. App. 5 Cir. 3/22/00), 759 So.2d 869.
The jurisprudence has recognized that "an expert witness is generally necessary as a matter of law to prove a medical malpractice claim." Jackson v. State through Charity Hosp. of Louisiana at New Orleans, 94-2090 (La.App. 4 Cir. 5/16/95), 655 So.2d 795. Opinions of expert witnesses who are members of the medical profession are necessary to determine whether the defendant possessed the requisite degree of knowledge or skill, or failed to exercise reasonable care and diligence. Jeffery v. Bickham, 34,946 (La. App. 2 Cir. 8/22/01), 795 So.2d 443.
In brief to this Court, the plaintiff alleges that the trial court erred in granting summary judgment because defendant failed to produce evidence as to the applicable *699 standard of care. She alleges that in a motion for summary judgment, the burden of proof remains with the movant, and that burden was not met because Ochsner did not discharge its burden of proof by failing to come forth with any evidence to demonstrate how the standard of care was met. Plaintiff further alleges that defendant's complaint is that its discovery was not satisfied, and that summary judgment is not an adequate vehicle to challenge insufficient discovery responses.
Contrary to her assertions, it is plaintiff, and not Ochsner, who will bear the burden of proving the standard of care, a breach of that standard, and the resulting damages at a trial on the merits. Accordingly, pursuant to La.C.C.P. art. 966(C)(2), Ochsner needed only to show that there was an absence of factual support for one or more elements essential to plaintiff's claim. Thereafter, it was incumbent on plaintiff to produce factual support sufficient to establish that she would be able to satisfy her evidentiary burden at trial.
Ochsner's motion for summary judgment was predicated on its contention that plaintiff had no expert testimony to support her allegation of breach of standard of care. Plaintiff offered no affidavits or depositions to support her contention that there was a breach, and instead chose to rest on her answers to interrogatories. The trial court found that this was insufficient factual support. We agree with the trial court, finding that plaintiff's answers to interrogatories were insufficient for plaintiff to satisfy her burden of proof at trial.
Plaintiff next contends that a motion for summary judgment is an improper vehicle to challenge insufficient discovery. In her answer to requests for production of documents, plaintiff states that she had not taken statements or obtained documents form the identified experts, or any other persons.
In Young v. Mobley, 05-547, (La.App. 3 Cir. 3/1/06), 923 So.2d 917, the trial court granted summary judgment because plaintiff failed to identify an expert witness to support its medical malpractice claim. Plaintiffs contended that that summary judgment was inappropriate because of outstanding discovery. In that case, plaintiffs had not answered interrogatories. They argued, as did the plaintiff in this case, that defendants should have filed a discovery motion instead of a motion for summary judgment. On review the court noted that there is "no absolute right to delay action on a motion for summary judgment until discovery is completed" and that "the only requirement is that the parties be given a fair opportunity to present their claim." At p. 921, citing Simoneaux v. E.I. du Pont de Nemours and Co., Inc., 483 So.2d 908, 912. After considering that the motion for the summary judgment was made one year after suit was filed and six years after the incident in question, the court of appeal concluded that plaintiffs were "certainly given an opportunity to present any expert testimony to support their claim, or any other evidence in their favor, in opposition to the motions for summary judgment." At page 922.
In this case, the alleged malpractice occurred over eight years ago and the suit was filed five years ago. Plaintiff has had more that ample time to obtain expert testimony or other evidence, and her failure to do so should not preclude summary judgment. Perricone v. East Jefferson General Hosp., 98-343 (La.App. 5 Cir. 10/14/98), 721 So.2d 48.
Finally, plaintiff alleges that the trial court erred in granting the motion for summary judgment because the defendant *700 did not file a "Statement of Uncontested Facts." In this particular case, the uncontested facts as recited in open court are that the Ms. O'Bryant received treatment and was subsequently discharged from Ochsner. We do not find that the failure to file a statement with these facts should preclude summary judgment.
For the above discussed reasons, the judgment of the trial court is affirmed. All costs are assessed against appellant.
AFFIRMED.
NOTES
[1] The attachments to the motion for summary judgment, include the petition for a medical review panel. There was no subsequent decision issued by the panel. According to the motion for summary judgment, the parties waived the medical review panel.
[2] Plaintiff's "Answers to Interrogatory No.8" states:

Dr. Joseph Micelli, Ochsner Clinic, Jefferson Hwy., Jefferson, LA, expected to testify as a medical expert and specifically regarding whether Catherine O'Bryant was properly discharged from the hospital on May 10, 1997.
* * *
Sharon Simon, home health aide, New Orleans, LA, expected to testify regarding her knowledge of the facts surrounding the premature discharge and her opinion that Catherine O'Bryant was improperly discharged.
Diane Saucier, home health nurse, River Ridge, LA, expected to testify regarding her knowledge of the facts surrounding the premature discharge and her opinion that Catherine O'Bryant was improperly discharged.
[3] LSA-R.S. 9:2794 provides in part:

A. In a malpractice action based on the negligence of a physician licensed under R.S. 37:1261 et seq ...., the plaintiff shall have the burden of proving:
(1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians ... licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians ... within the involved medical specialty.
(2) That the defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill.
(3) That as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred.